[No. 4536.   Decided July 29, 1903.]

STELLA E. SMITH, *Respondent*, v. W. F. NEWELL *et al.*, *Defendants*, and DAVID MITCHELL *et ux.*, *Appellants*.

TAXATION — DELINQUENCY   CERTIFICATE — FORECLOSURE — SUMMONS.

A summons in a tax foreclosure of a certificate of delinquency subscribed by "M. L.   Agent for" the plaintiff, followed by his place of residence in this state, is sufficient under Laws 1901, p. 384, providing that it shall be subscribed by the plaintiff or some one in his behalf, residing in the state.

PLEADING — VERIFICATION — AMENDMENTS   DEEMED   TO   HAVE   BEEN MADE.

A motion to quash a proceeding to foreclose a tax certificate because the complaint is not properly verified, is properly overruled, as Bal. Code, § 6535, requires the court to "consider all amendments which could have been made as made."

TAXATION — CERTIFICATE OF DELINQUENCY — NOTICE OF DIVIDING THE TAX.

A certificate of delinquency upon one half of a tract of land, divided and apportioned at the request of the holder, under Laws 1899, p. 285, is not void because the county treasurer failed to give notice by registered mail to the owners interested that they

24-32 WASH.

might protest against such apportionment, as required by § 11, p. 294, in view of the further provision (§ 18, p. 299) that no error or informality in the proceeding shall vitiate the tax, but that the court may correct defects in the foreclosure action, where the apportionment made was found by the court to be just to the owners complaining.

SAME.

Where the owners are given their day in court, and an opportunity to question the tax, and it appears to be just, the court ought not to declare the tax void because of the omission of a ministerial officer to perform a statutory duty, but a showing of injury incapable of correction is necessary.

Appeal from Superior Court, Thurston County.—Hon. OLIVER V. LINN, Judge. Affirmed.

*Vance & Mitchell,* for appellants:

The provisions for notice are for the substantial benefit and protection of the owner and are mandatory. *Lyon v. Alley,* 130 U. S. 177 (32 L. ed. 899); *French v. Edwards,* 13 Wall. 506 (20 L. ed. 702); *Lockwood v. Roys,* 11 Wash. 697.

*George H. Funk,* for respondents.

The opinion of the court was delivered by

FULLERTON, C. J.—In the years 1893 and 1894 block 90 of Sylvester's Plat to the city of Olympia was owned by one person, and was assessed for each of those years at a valuation exceeding two thousand dollars. On November 13, 1900, the taxes on this block remaining unpaid, the respondent applied to the county treasurer of Thurston county for a certificate of delinquency for the taxes due upon the east half of the block. This part of the block was then owned by the appellants, David Mitchell and wife; the west half belonging to a person not made a party to this proceeding. The county treasurer,

on the application for the delinquency certificate being made to him, divided the tax levied against the block into two equal portions, and issued to the applicant a certificate of delinquency for one of such portions as the taxes due and delinquent on the east half of the block named, but did not then or thereafter notify by registered mail the several owners interested in such tract of the fact that he had made such a division of the taxes assessed thereon. Later the applicant paid the taxes subsequently assessed against the portion of the block against which she held the delinquency certificate, and commenced this action to foreclose the lien evidenced thereby. The appellants contested the right of the respondent to foreclose, questioning the sufficiency of the procedure as well as the right itself. The trial resulted in a judgment for the respondent for $825.77, from which judgment this appeal is taken.

The appellants first appeared specially and moved to quash the summons, contending that it was not subscribed as required by sub. 4 of § 1 of the act of March 20, 1901 (Session Laws 1901, p. 384), and therefore insufficient. Whether this objection is open to the appellants in this court, after having made a general appearance in the action in the court below, we think may be questioned; but, passing the point, we find no merit in the objection itself. The requirement of the statute is that the "summons shall be subscribed by the holder of the certificate of delinquency, or by some one in his behalf, and residing within the state of Washington." This summons was subscribed, "Millard Lemon, agent for Stella E. Smith," followed by his place of residence, showing it to be within the state. This is a sufficient compliance with the statute. When a summons is subscribed by some one other than the cer-

tificate holder, it is not made a prerequisite to its validity that it appear on its face that such person subscribed it on behalf of such holder, nor would a recital to that effect be conclusive of the fact. Hence, when an application is signed by some person other than the certificate holder, it is presumed to be authorized, conclusively so until overcome by proof to the contrary.

It is next said that the verification to the complaint is insufficient, and that the court erred in refusing to quash the proceedings for that reason. But if the objection were well taken, it is not available here. The defect complained of is one that does not affect the merits of the controversy, and was capable of being amended in the trial court. In such cases this court is required by statute to "consider all amendments which could have been made as made," and decide the cause upon the merits. Bal. Code, § 6535. It will therefore treat defects of this kind as amended, or, what is better, perhaps, disregard them.

The principal contention is that the certificate of delinquency sought to be foreclosed is void. Section 11 of the act of March 15, 1899 (Session Laws 1899, p. 294), provides that:

"Any person desiring to pay taxes upon any part or parts of real estate heretofore or hereafter assessed as one parcel, or tract, may do so by applying to the county treasurer, who must carefully investigate and ascertain the relative or proportionate value said part bears to the whole tract assessed, on which basis the assessment must be divided, and taxes collected accordingly: Provided, where the assessed valuation of the tract to be divided exceeds two thousand dollars, a notice by registered mail must be given to the several owners interested in said tract, if known, and if no protest against said division be filed with the county treasurer within twenty days from date of notice, the county treasurer shall duly accept

payment and issue receipt on apportionment as by him made."

If a protest is filed the matter is referred to the board of county commissioners at the next regular session, which finally determines the differences between the parties. As we have said, the assessed valuation of the tract divided in this instance exceeded two thousand dollars, and it is conceded that no notice was sent by the treasurer to the several persons interested in the tract of the division made by him. It is on this omission that the contention is founded that the certificate in suit is void. But the same law which requires that notice be given persons interested when a division of the taxes is made, if the assessed valuation is over two thousand dollars, further provides that no error or informality in the proceedings of any of the officers connected with the assessment, levying, or collection of taxes, shall vitiate or in any manner affect the tax, but that the court may in the foreclosure action correct defects and supply omissions made by such officers. Session Laws 1899, p. 299, § 18. This provision of the statute, it seems to us, was intended to enable the courts to correct just such omissions as were made by the treasurer in this instance. It was intended to put it in the power of the court on the hearing of a tax foreclosure suit to render judgment as the evident justice of the case required; that is, it was intended that the courts should inquire into the merits of complaints made against tax proceedings, and allow them to prevail only when the matters complained of operated to the injury of the complaining party, and is incurable by any judgment that can be entered in the foreclosure proceedings. The latter difficulty is not present in this case. The lower court found as a fact, and the finding is unchallenged in this

court, that the appellant's half of the block was of greater value than the other half, while the tax levied against it was equally divided. No injury, therefore, was done the appellants by the division; and we think that, if effect is to be given to this section of the statute, the proceedings ought not to be set aside.

But why may not the proceedings be sustained on broader grounds. The state had power to levy the tax originally, and power to more specifically apportion it after it was levied. By its final action it has charged the land with no more than its just share of the public tax. It has violated no constitutional right of the appellants. Before declaring the lien of the tax irrevocable, it has given them their day in court, where they had the opportunity to dispute every question going to the right and power of the sate to charge the property with the tax. Despite this opportunity, it has not been shown that the property has been charged with a single dollar that it ought not, in justice and right, to be charged with. Surely, where these conditions appear, the courts ought not to declare the tax void because of the mere omission of a ministerial officer to perform a statutory duty. When a tax is declared void, the effect is always to release certain property of its just proportion of the public taxes, and unjustly increase that of other property. On the plainest principles of equity and justice, therefore, the courts ought to insist that a showing of injury incapable of being corrected be made, before it declares the tax void. We think the judgment should stand affirmed, and it is so ordered.

MOUNT, HADLEY, ANDERS and DUNBAR, JJ., concur.