[No. 7278.   Decided August 17, 1908.]

M. L. CAVANAUGH *et al.*, Appellants, v. MILNOR ROBERTS, *Respondent.*[1]

TAXATION—PAYMENT—EVIDENCE—SUFFICIENCY. Upon an issue as to whether plaintiff had deposited sufficient money to redeem delinquent tax certificates, the court properly found that he did not. where the testimony of his son, who was working in the treasurer's office and directed the application of $1,600 deposited for that purpose, was that more than enough had been deposited and part of the deposit was returned, while the county treasurer and his deputies testified that the deposit was not sufficient and notice thereof had been given to the son, who was requested and refused to make a further deposit.

TAXATION — CERTIFICATE OF DELINQUENCY — TIME FOR ISSUANCE. Under Laws 1897, p. 183, § 98, which designated no particular time for the issuance of a certificate of delinquency to a county, a certificate on the taxes for 1895 could be issued on January 31, 1898.

Appeal from a judgment of the superior court for King county, Albertson, J., entered October 4, 1907, upon findings in favor of the defendant, after a trial on the merits before the court without a jury, in an action to set aside a tax deed. Affirmed.

*S. S. Langland*, for appellants.

*Bausman & Kelleher*, for respondent.

MOUNT, J.—This action was brought by the appellants to set aside a tax deed issued by King county. Judgment was rendered in favor of the defendant, and the plaintiffs appeal.

·Reported in 97 Pac. 55.

It appears that on January 31, 1898, the county of King issued a certificate of delinquency to itself, for unpaid taxes on the land in question, for the last half of the year 1895. On December 31, 1901, the county commenced foreclosure of this and many other certificates of delinquency. In November, 1902, pursuant to a decree of foreclosure, the land was sold to Phillips Morrison. The respondent, Milnor Roberts, has succeeded by mesne conveyance to the interest of Mr. Morrison. The complaint attacks the county treasurer's deed upon two grounds: (1) that the foreclosure proceedings were irregular; and (2) that the taxes for which the certificate was issued were in fact paid.

The principal issue of fact at the trial was whether or not the appellants had deposited the money with the treasurer for the payment of the taxes due and delinquent upon this tract of land for the last half of the year 1895. The appellants owned a number of tracts of land in King county. The taxes were delinquent and unpaid and certificates of delinquency had been issued against all of the lands belonging to the appellants. In the year 1899 the appellants deposited something more than $1,600 with the county treasurer of King county, for the purpose of redeeming these certificates and paying subsequent taxes. The appellants' son at that time was a clerk in the office of the county treasurer, and directed the application of this money. It was applied to the redemption of all the outstanding certificates with the exception of the one in question, but taxes were paid on this tract of land subsequent to the year 1895. The certificate of delinquency, however, was not redeemed for that year, because sufficient funds had not been deposited therefor. The evidence fairly shows that the appellants' son, who was attending to the matter, was notified to that effect. He testified that money more than sufficient was deposited to redeem this certificate, and that a balance was returned to him. This fact was denied by the county treasurer and his deputies who had charge of the matter, who testified that no money was re-

turned to the appellants or their son, but that on the other hand the son of the appellants was notified and knew that sufficient funds had not been deposited to redeem this certificate, and that the son was requested upon different occasions to make a deposit sufficient for that purpose and refused to do so. Upon this state of the evidence, we think the trial court properly found that the delinquent tax for the year 1895 had not been paid, nor sufficient funds deposited with the county treasurer for that purpose.

Appellants argue that the foreclosure proceedings were void because the certificate of delinquency was issued on January 31, 1898, while under the statute of 1897 such certificates could not be issued to the county until after that time. But we have held otherwise in *Jefferson County v. Trumbull*, 34 Wash. 276, 75 Pac. 876, and *Washington Timber & Loan Co. v. Smith*, 34 Wash. 625, 76 Pac. 267.

Several other questions of a similar character, and also the constitutionality of the revenue act, are presented in appellants' brief. These questions are completely answered by respondent in his brief, and inasmuch as we have passed upon all these questions in many cases heretofore, we think it unnecessary to consider them further in this case.

We find no error in the record, and the judgment is therefore affirmed.

CROW, RUDKIN, and DUNBAR, JJ., concur.