[No. 7475. Decided June 11, 1909.]

SOUND INVESTMENT COMPANY, *Respondent,* v. BELLINGHAM
BAY LAND COMPANY, *Appellant.*[1]

APPEAL—DECISION—PROCEEDINGS ON RETRIAL—TAXATION—FORECLO-
SURE. Where, upon reversal of a tax foreclosure, the supreme court
directs a determination of the proper portion of taxes to be borne
by each of several lots assessed *in solido,* on a retrial, the value of
each lot is to be determined by evidence and the tax apportioned
among them, with statutory interest.

TAXATION—FORECLOSURE—DEFENSES—ANSWER—ESTOPPEL. In an
action to foreclose a tax lien, an answer pleading the existence of a
certain lot precludes the claim that there was no such lot.

APPEAL—REVIEW—HARMLESS ERROR. A tax foreclosure judgment
against a lot not in existence is without prejudice to the defendant.

SAME—TRIVIAL AMOUNT. Error in assessing cost of 50 cents for
a delinquency certificate falls within the principal *de minimis non
curat lex.*

TAXATION—FORECLOSURE—COSTS—PERSONAL JUDGMENT. In a tax
foreclosure suit, personal judgment should not be entered for costs.

Appeal from a judgment of the superior court for What-
com county, Joiner, J., entered March 10, 1908, upon find-
ings in favor of the plaintiff, after a trial on the merits before
the court without a jury, in an action to foreclose a tax lien.
Affirmed.

*Black, Kindall & Kenyon* and *Dorr & Hadley,* for appel-
lant.

*Fairchild & Bruce* and *Newman & Howard,* for respondent.

CROW, J.—This action, which was commenced by Sound
Investment Company, a corporation, against Bellingham Bay
Land Company, a corporation, and other defendants, to fore-
close a delinquent tax certificate, has heretofore been in this
court. A statement of the case and its issues may be found
in our former opinion, 45 Wash. 636, 88 Pac. 1117. When
the action was called for a retrial, some question arose in the

[1]Reported in 102 Pac. 234.

superior court as to an interpretation of the instructions contained in our former opinion, reading as follows:

"The case is reversed and remanded with the following instructions: Either side may request the trial court to make a finding as to what would be the just and reasonable amount of tax to be borne by each one of these lots for the years during which they were assessed in bulk. When these amounts are ascertained and adjudged by the court, the appellant shall be given a reasonable time by the court within which to redeem the property by paying the taxes, penalties, interests, and costs for the years when the property was assessed separately, together with the amount found by the court to be justly and legally chargeable against said lots for the other years, together with interest, penalties, and costs."

Preliminary to the introduction of evidence, the trial judge, after argument of counsel, in passing upon this question, said:

"It seems to me as though the language of the supreme court here was perhaps plain enough. I don't know wherein the counsel misunderstands this, but my understanding of it is, that practically all there is for us to do is to apportion the assessment which has been made between these lots involved in the case."

Afterwards, in sustaining an objection to evidence offered by the defendant, he further said:

"I am going to try this, as the supreme court directs, to adjust this assessment so that each lot will bear its just proportionate part of the assessment which is placed upon it in bulk."

All competent evidence admitted on the former trial was upon stipulation of the parties again admitted, with additional evidence offered to show the segregated values of the sixteen separate lots in block 25, which had been assessed *in solido.* The trial court made findings in which he fixed the value of each lot for the years 1902, 1903, and 1904, and determined the delinquent taxes separately assessed against them, together with statutory interest thereon. Judgment

was entered foreclosing the certificate of delinquency against the different lots for such several items of delinquent taxes and interest, the lien on lot 1 being for $8.19, and other amounts being decreed against each of the other lots for the delinquencies severally stated in the findings. The defendant Bellingham Bay Land Company has appealed.

The appellant has presented numerous assignments of error, most of them involving questions determined in our former opinion, now the law of this case. We can only consider such new questions as arose on the second trial. The effect of our former opinion was not to declare void the taxes and assessments for the years 1902, 1903, and 1904, which had been made on the lots *in solido*, as upon a single tract. We then said:

"While it might perhaps be held in some cases that an assessment *in solido* was void, we are inclined to treat the one involved in this proceeding as valid to the extent of the just tax which should be borne by each of these lots. In other words, we think this tax roll was incompetent to establish the *amount* of tax due against each of these lots for the years wherein the sixteen lots were assessed in bulk. It was, however, competent to show that the property was assessed and a tax levied against it, but in an irregular and erroneous manner. . . . The appellant when it appeared in this proceeding, in addition to the tender which it made, should also have requested the court to determine the amount of taxes justly due upon each of said lots for the years wherein they were assessed *in solido*, and offered to pay such amount as should be ascertained to be legally and justly due on account thereof. Thereupon the court should have granted it permission to redeem by paying the amount so found to be rightfully due. Whether the tax shown by the tax roll upon the lots for the years when assessed in a group be held to be correct in amount or otherwise, it is certain that the property was taxable for those years, and that said taxes are chargeable against the property; and when the matter came before the court, as it did in this proceeding, it was the duty of all the parties interested to see that the tax was properly distributed."

In view of this language and our former instructions to the trial court, we hold the conclusions of the trial judge as to procedure on the second hearing to have been correct, and that he did proceed properly in ascertaining the separate value of each lot, and in making a just apportionment of the tax.

The appellant contends that the trial court committed error in its rulings on evidence admitted and rejected. This assignment is urged upon the theory that the procedure adopted by the trial judge in ascertaining the value of the several lots and in making the apportionment of taxes was erroneous, but as we hold such proceedings to have been legal and proper, the appellant's contentions based thereon must fail.

An order of foreclosure was entered against lot 16, for its separate apportionment of the total tax and interest amounting to $2.27. The appellant now contends that the evidence shows there was no lot 16 in block 25, and insists that the trial court erred in entering judgment of foreclosure thereon. The allegations of appellant's answer, by which it pleads the existence of lot 16, precludes it from making any such contention. In any event, if no such lot exists, a sale thereof will not prejudice the appellant.

Statutory interest was allowed on the delinquent taxes for all years named in the certificate, including the taxes for 1902, 1903, and 1904, and the appellant now contends that such allowance was erroneous. This award was in compliance with the instructions of this court, and is approved.

In the final judgment costs were taxed against appellant for:

Issuance of certificate of delinquency . . . . . . . $  .50
Clerk's fees, filing application for foreclosure  2.00
Sheriff's fees, serving summons . . . . . . . . . .  1.20
2 witnesses on second trial . . . . . . . . . . . . . .  4.40

    Total . . . . . . . . . . . . . . . . . . . . . . . . . . . . $8.10

The appellant now contends that the trial court erred: (1) in awarding these costs to the respondent; and (2) in entering a personal judgment therefor. The maxim *De minimis non curat lex*, ought to be applied to this assignment. The item of fifty cents taxed for the delinquency certificate, if not court costs, could have been apportioned ratably to each lot. No personal judgment should be entered in a case of this character, but all costs properly taxable might have been apportioned to the several lots, and decreed to be liens thereon. In our former opinion we directed that each party pay its own costs, manifestly referring to such costs as had been incurred during the progress of the first trial, and not to sheriff's or clerk's fees, incurred prior thereto, nor to subsequent costs such as witness fees, which might be incurred on the second trial. This objection to costs is too trivial to demand our serious consideration, but if the appellant so desires, it may on its motion to be made within ten days after the filing of the remittitur herein, have the personal judgment for costs vacated, and an order entered apportioning one-sixteenth of the certificate fee and the costs to each of the lots as additional liens thereon. With this privilege to appellant, the judgment is affirmed. The respondent will recover its costs on this appeal.

RUDKIN, C. J., MOUNT, DUNBAR, and FULLERTON, JJ., concur.

MORRIS, GOSE, PARKER, and CHADWICK, JJ., took no part.